And we'll hear our argument in the first case, United States v. Lozoya. Is that the way you pronounce it? Yes, Lozoya. Okay, right. Good morning, and may it please the Court, I represent Monique Lozoya and I'm James Lockman with the Federal Public Defender's Office. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. Do I understand that this may not be the right case, but you're not splitting time with anybody. That's a different case, right? Yeah, I'm not splitting. I'm sold. Okay, very good. Thank you. Sure. This case presents two issues of first impression in this Court. One deals with the government's circumvention of the Speedy Trial Act and Class A misdemeanor prosecutions. The other deals with the appropriate venue in airplane crimes. I plan to talk about the venue issue first and then turn to the Speedy Trial Act unless the Court wants me to do something else. In Rodriguez-Marino, the Supreme Court established the constitutional test for venue, and that's the essential conduct elements test by which venue is appropriate only in the districts where the conduct of the crime occurred. The only conduct element here is the assault itself, and this was a simple assault, one strike that occurred in one moment of time, and it's undisputed that that happened well before the plane entered the central district of California. The government, however, contends that there are two venue statutes which nevertheless created venue in this district. In considering that argument, the Court should keep in mind two things. One is that Congress cannot extend venue into a place the Constitution does not allow, and two, because of that, the Supreme Court, as far back as the Johnson decision in 1944, has said for that reason we or the Court views venue statutes very narrowly. So with that in mind, we look at the first statute the government cites, which is 3238, which applies only to crimes where the conduct occurred entirely outside of any district, and that's not what happened here because under the Court's decision in Bernard, the airspace above a district is part of the district for venue purposes, so when you have a domestic flight, the crime occurred in some district. So venue also is inappropriate in this district under 3737A, the other case cited by the government, because that deals with continuing offenses, crimes that are begun in one place and continue through multiple districts. Here again we have a single strike that occurred in one moment of time. It happened in one district. Counsel, on your theory then, if someone were to sexually assault and murder someone in the bathroom of an airplane on the East Coast, where states are much smaller than here on the West Coast, and there's no doubt the guy did it, he confesses, there's DNA, but they can't pinpoint whether it was in Rhode Island or Connecticut or New York, under your theory he would walk. Is that right? Well, yes. In any case where the government can't meet the burden that the Constitution puts on them, the defendant is not guilty. I don't think that that, as the records that we produced in our post-trial Rule 29 motion reflect, the fear the government expresses, this is going to be really hard to prove venue in a lot of these airplane crime cases, just isn't true. We were able to get records showing where the plane was at every moment of time. All the government would have to do is establish through the victim or through the person who reported it when it happened. Right, but if the victim were dead, that would be, I know that's not this case, but the holding you're asking us to adopt would apply to the murder statute, correct? Anything, yeah, any jurisdiction, anything where there's jurisdiction. And so unless you can actually prove the time, which is not always easy to do in a sexual assault or murder case, then the solution would just be just, they can just do that on a plane, as long as the government can't prove the time? Well, Your Honor, I mean, I think that in that scenario, there might be particular issues, just like there are the particular issues if you want to create a hypothetical where two people are wrestling on the Nevada-California border, and somebody's killed on one side of the border, but it's not clear, but somebody has to prove it. And so the Constitution puts that burden on the government, and it doesn't get to be relieved of that burden in the hard case, and the court shouldn't adopt, certainly shouldn't adopt a rule across the board, just to take into account that hypothetical hard case that might come up. I mean, the statute that the government's going to push is 3237, and we have the decision from the, I think it's the 11th Circuit. Yes, and I'm glad that Your Honor brought that up. There's actually, there's three cases out of two circuits. There's the 11th Circuit decision in McCauley, that's the first one, and if you look at that, there's no analysis whatsoever. In fact, they call 3237A a catch-all provision for when venue's hard to prove. No citation of that, certainly no recognition of the constitutional issues involved, and most importantly, decided before the Supreme Court establishes the essential conduct elements test in Rodriguez-Moreno. The two later cases out of the, I think the one case from the 11th Circuit, which cites it in a 10th Circuit case, both cite it without any additional analysis whatsoever. So really no court has actually looked at this issue, certainly post-Rodriguez-Moreno, and said, what does the Constitution require here, and what does this statute allow in light of the Constitution? Well, let's, following up on Judge Owen's question, and in that one where you cannot really tell, then 3237 talks about acts that are begun in one district and completed in another. Yes. There the statute seems to specifically contemplate, if you can't pinpoint exactly what needs to be done. This case, however, it's a simple assault. Correct. It occurred within seconds and was ended in seconds. So in that situation, what do we do? The Constitution has its requirement. I agree with the 11th Circuit case has absolutely no analysis at all, and the others just follow the 11th Circuit. But how do we, like, take this case. In what jurisdiction did this event occur? I can't say that right now, but with the resources we provided, we can show where the plane is at every time, and because the government didn't try to meet their burden, they didn't present evidence, which I'm sure exists, where they could have established pretty, down to a pretty certain degree, when the crime occurred. There was evidence at trial about, oh, it happened approximately,  which itself happens 25 minutes before landing. So it happened somewhere around the midpoint. But we do know that what happened was the victim reported the incident to the flight attendant. The flight attendant reported to the captain. There's probably a record that would establish that time pretty clearly. If the government had just gotten that. And from your perspective, I gather, of course, it's the government's burden to indicate the proper venue. Is that correct? And that's clear under both the Supreme Court's law and this Court's decision in Luckett. But I will say, too, to the extent that there may be problems in some kind of these cases, it's a burden to prove by a preponderance of the evidence. So it is a somewhat lesser burden that the government has to prove, but it still has to prove it. And it certainly didn't prove it in this case. If in proper venue, what's the remedy? I'm sorry? What's the remedy? Well, as we say in the brief, I believe the remedy is certainly reversal. I believe that the remedy should be reversal with entry of a judgment of acquittal, which some other circuits have recognized. But I also recognize that there's a circuit conflict, and it appears this Court has not adopted that remedy. I'm preserving it for possible further review. But certainly reversal of the conviction is required for improper venue. No. No trial, then, if that were the result? Yes. Yes. Now, the legislative history behind this statute shows that the Senators were concerned about this issue. I don't know if that came up. I don't think that came up in the briefing in this case. But in looking at it, to the extent that the word transportation in 3237 is somewhat unclear, would we look to the legislative history to see what the Senators thought back in 1961 when they enacted this statute? Well, I think if text is unambiguous, the Court can always look to legislative history within certain bounds to give whatever guidance it can give to legislative intent. And I think what Your Honor raises is an important point, because I think that if you look back on the legislative history of the statute, it actually goes back to the Johnson decision in 1944. Congress first amended that statute to kind of deal with what the Supreme Court said wasn't allowing Johnson. So it is sort of a give and take. The courts say, you know, the venue statutes as written now don't allow this, and Congress can come back and say, okay, let's see if we can fix the problem by amending things. So I think that might be the situation here. I don't know whether the Congress is still bound by the parameters of the Constitution. I don't know how much it can do in this context. But certainly if this Court recognizes as it should that these statutes don't convert venue crimes on any district other than the place where the crime actually occurred, it's certainly something Congress could consider whether there's ways to either amend the venue statutes or the criminal statutes themselves to get around that. You want to save the balance of your time? Yes, I would. Thank you very much. What does the government think about the venue issue? Good morning, Your Honors. May it please the Court, Karen Escalante on behalf of the United States. As an initial matter, the government would, as it argued in its brief, say that defendant waived the venue issue because defendant failed to raise the issue pretrial. Well, wouldn't that have to be clear on its face? Isn't that the standard? And in here we're discussing it. It doesn't seem to be altogether clear, at least to everybody in this room. The government would argue that the information was clear on its face, that venue was premised on the fact that the assault occurred in midair en route to Los Angeles Airport and not necessarily within the Central District of California. Doesn't that in and of itself, as my colleague implies, doesn't that in and of itself indicate that the error is not clear on the face of the complaint? Because the complaint said this occurred in the Central District of California, right? The government submits that the information, this was not a complaint, that the information was clear on its face because the information read, you know, on or about a certain date within the Central District and elsewhere the defendant while on a civil. And elsewhere. Yes. I mean, when you say it occurred within the Central District, that's clearly not true. Clearly not true. Everybody knows that, right? It occurred between Minneapolis and Los Angeles, but given the time framework, it couldn't possibly have occurred there. So how do you know on the face of the complaint that there's not an error there, on the face of the information rather? In this case in particular, what's important to remember here is that there was the face of the complaint and there was also, I'm sorry, the face of the information and there was also the complaint. I'm sorry, not the complaint. The statement that the FBI special agent had written in support of the violation notice, which set forth that the assault had occurred between 60 to 90 minutes before the flight landed. My colleague here expressed that the assault occurred about 30 to 45 minutes before the flight landed. The facts were unclear as to when precisely in time the assault occurred. But either way, either 30 minutes or 60 or 90 minutes, that's not within the Central District. California. When you're coming from Minneapolis, you're going to L.A., it simply wasn't possible, right? Yes, Your Honor, that's correct. It was not within the airspace of the Central District of California. The important fact here is that the assault occurred mid-flight, somewhere between Minneapolis and Los Angeles. But that's not what the information said, right? The information said that the assault had occurred en route to Los Angeles, that it had occurred in flight en route to Los Angeles. And so the reasonable interpretation of the information was that the flight occurred somewhere else, somewhere elsewhere outside of the Central District. And that is, in fact, how defendant herself interpreted that language, as evident by the fact that she had a defense investigator prepared to testify as to this very issue at trial. Let's say we don't buy your waiver argument. What's the government's best position, best argument, that trying this in the Central District of California is permitted, number one, constitutionally and in connection with a reasonable interpretation of the two different statutes? So if the panel does not agree with the government's waiver argument, the fact remains that under Rule 12b, defendant was supposed to file this, file a motion for improper venue pretrial under Rule 12b. But. Because, if I may finish, Your Honor. Okay, go ahead. Because there was information that was reasonably available to the defendant at that time to put her on notice that this assault had not occurred in the airspace over the Central District. If I may, Judge Smith asked for your best argument. It would seem to me that your best argument is that under the Eleventh Circuit's law and under the Tenth Circuit's law, it would then use clear. Don't you want to start there and defend two circuits as opposed to this Rule 12 stuff? No, yes, Your Honor. The point that I was trying to make is that if the panel does not agree that defendant waived her argument, then the government would argue that her motion was untimely under Rule 12b, and, therefore, she forfeited the issue. Why don't we get past that, too? I think the heart of the issue is under 3237, was this transportation? Does this qualify as transportation? Is the Eleventh Circuit right or wrong? And, yes, Your Honor, the government would submit that the Eleventh Circuit is correct, that under 3237a, any offense involving the interstate commerce is a continuing offense. Why was a slap, an assault, how does that involve interstate commerce? The assault involved interstate commerce because of the fact that it occurred on an airplane, an airplane that is traveling between 400 to 600 miles per hour. You know, when it's traveling that speed. Is that what the statute means? It's not what occurred, it's where it occurs that counts? The statute looks at where it occurred, whether or not it involved transportation in interstate commerce. But, again, my question to you is, this was an assault, as all alleged crimes. It was an assault. Yes. Bam. It occurred. What does that have to do with interstate commerce? The fact that it occurred on an airplane that was in interstate commerce, how does the statute sync with that? Because the statute provides that for any offense that involves the transportation of interstate commerce, venue is appropriate in any district in which that offense either began or occurred or ended. And so the government's position here is that for an assault occurring in the middle of a flight, venue is appropriate under 3237A, either in the district in which the plane took off, the district through which the plane traveled, or the district in which the plane landed. The statute we're quoting, 3237A, talks about involving any offense involving the use of the mail, that involves transportation interstate or foreign commerce or the transportation of an object or person in the United States, and I'm skipping it here a little bit, in any district from or through or into which such commerce, mail matter or imported object or person moved. So it's very clear they're talking about something quite different than an assault, correct? Yes. The statute does not use the word assault. However, the statute is talking about offenses that occur on transportation involving interstate commerce. And so the ‑‑ But it says in any district from, through or into which such commerce, mail matter or imported object or person moves. Now, in what way was an assault a mail matter, an imported object or person? The government submits that the assault was not mail matter, was not person. However, the assault occurred on a transportation involved in interstate commerce. So you rest entirely on the fact that it occurred on an airplane that was involved in interstate commerce, and that's the way you construe 3237A? Yes, Your Honor, and yes. And the government would argue that McCauley, which my colleague referred to earlier, is instructive here in this situation because McCauley indicates that 3237 is meant to deal with precisely these sorts of issues. It's a catch‑all provision designed to prevent a crime which has been committed in transit from escaping punishment for a lack of venue. Again, as the record reflects, this assault occurred about 60 minutes, 90 minutes out before it landed in Los Angeles. It's nearly impossible to pinpoint when precisely the assault occurred. And based off of the ‑‑ Why is it impossible? Because people's testimonies vary because people do not know exactly when the assault occurred. One person testified that the assault occurred 60 minutes before landing. Another person said that the assault occurred between 30 to 45 minutes before landing. It's also nearly impossible to pinpoint because, again, we're talking about a plane that is traveling over 400 miles per hour  But with respect, counsel, I believe the record indicates that when this occurred, the flight attendant was notified. The flight attendant notified the captain. The captain, I believe, in the indication of this on his or her record, and they would know exactly when at least that report was received because they can track that, right, in terms of time? I'm not sure whether or not there's evidence in the record to suggest that they can, in fact, track it. Again, the evidence in the record in this case indicates that the testimony varied about when precisely in time the assault occurred. And so in these circumstances, it is nearly impossible to pinpoint when exactly the assault occurred, and it's nearly impossible to pinpoint exactly over which jurisdiction the plane was traveling over at the time of the assault. 3237A does talk about an offense that occurred over more than one district, and that's the analogy that my colleague talked about, the murder and sexual assault. But here, it's a slap. It's an assault. Bam, it occurred. It doesn't occur over more than one district. So I'm wondering how 3237A applies. I see that my time is running out, but if I may answer. You can answer that question, and then we're done. Again, the reason that it occurs over multiple districts is because of the fact that the assault occurred on a flight that was in the middle of traveling between Point A, Minneapolis, and Point B, Los Angeles. You're back to the interstate commerce argument. Yes, Your Honor. All right. Any other questions about my colleague? Okay, thank you. Thank you. All right, Counsel, you have a little rebuttal time there. I don't have anything to add, but I'm happy to answer any questions the Court may have. Any other questions? All right. Thank you very much. Thank you both for this argument. It's a very interesting case. The case just argued is
judges: M. Smith, Owens, Settle